IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01784-BNB

ANTHONY E. DEGOURVILLE,

      Plaintiff,

v.

ANDREWS INTERNATIONAL,
TOM DAHL,
ROBERT WIBBEN,
PETE BRADLEY,
TOM PARRISH, and
MARLA GIBSON,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Anthony E. Degourville, filed *pro se* a Title VII Complaint.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

      The Court must construe the Title VII Complaint liberally because Mr. Degourville is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Degourville will be ordered to file an amended complaint.

      The Court has reviewed the Title VII Complaint and has determined that the Title VII Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they

may respond and to allow the court to conclude that the allegations, if proven, show that

the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint

"must contain (1) a short and plain statement of the grounds for the court's jurisdiction, .

. . (2) a short and plain statement of the claim showing that the pleader is entitled to

relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced

by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and

direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on

clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings

violate the requirements of Rule 8.

Mr. Degourville fails to provide a short and plain statement of his claims showing

that he is entitled to relief, because he has not completed pages three through five of

the Title VII complaint form.  Mr. Degourville has checked a variety of blanks on the

preprinted Title VII Complaint form indicating that Defendant discriminated against him

on the basis of race, color, national origin, and retaliation.  However, Mr. Degourville

fails to assert any facts in support of these vague and conclusory allegations that

indicate he is entitled to relief.  Although Mr. Degourville attaches to his Title VII

Complaint copies of the Charge of Discrimination and Dismissal and Notice of Rights of

the Equal Employment Opportunity Commission rejecting his administrative claim, that

decision does not provide the Court with the factual basis for the claims Mr. Degourville

2

is asserting in this action.

In addition, supervisors and other employees may not be held personally liable under Title VII.  *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996).  Therefore, the named defendants who appear to be supervisors or employees of Defendant Andrews International may not be proper parties to this action.

Mr. Degourville will be ordered to file an amended complaint if he wishes to pursue his claims in this action.  Mr. Degourville must provide a short and plain statement of his claims that allows the Court and Defendants to understand what he is claiming in this action and to be able to respond to those claims.   Accordingly, it is

ORDERED that Plaintiff, Anthony E. Degourville, file, **within thirty (30) days** from the date of this order, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Degourville shall obtain the appropriate court-approved Title VII complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Degourville fails within the time allowed to file an amended complaint that complies with this order, the complaint and the action will be dismissed without further notice.

DATED July 13, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge